UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERVIN SMITH,

    Petitioner,                     CASE NO. 2:10-CV-11265-DT
v.                                    HONORABLE MARIANNE O. BATTANI
                                      UNITED STATES DISTRICT JUDGE

PAUL KLEE,

    Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Ervin Smith, ("Petitioner"), presently confined at the Cooper Street Correctional Facility in Jackson, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for third-degree criminal sexual conduct, M.C.L.A. 750.520d; and assault with intent to commit murder, M.C.L.A. 750.83.[1] For the reasons stated below, the petition for writ of habeas corpus is summarily dismissed**.**

---

[1] On the face of his habeas application, petitioner only indicates that he was convicted of assault with intent to murder, although he indicates that he received two separate prison sentences of five to fifteen years in prison and eleven to twenty five years in prison. However, in the body of his petition, petitioner challenges the constitutionality of Michigan's criminal sexual conduct statute. The Michigan Department of Corrections' Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of, *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004), indicates that petitioner was convicted of third-degree criminal sexual conduct and assault with intent to commit murder in the Wayne County Circuit Court and was sentenced on June 22, 1999 to five to fifteen years in prison on the criminal sexual conduct conviction and eleven to twenty five years in prison on the assault with intent to commit murder conviction. In light of petitioner's arguments, this Court assumes that petitioner is challenging both convictions in his petition.

1

## I. Background

Petitioner pleaded guilty to the above charges in the Wayne County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Smith,* No. 231095(Mich.Ct.App. January 8, 2001); *lv. den.* 464 Mich. 872; 631 N.W. 2d 342 (2001). [2]

Petitioner now seeks a writ of habeas corpus, claiming that the prosecutor, the Michigan courts, and the Michigan Department of Corrections lack or lacked personal or subject matter jurisdiction over the petitioner, because the Michigan Senate violated Article IV, §§ 18, 24, 25, and 26 of the Michigan Constitution when they passed and enacted the Michigan House substitute bill into law one day after they received it on July 11, 1974 and then passed it on July 12, 1974. Petitioner further claims that the state courts lacked jurisdiction over his criminal case because of defects in the criminal complaint. Petitioner further appears to argue that trial and appellate counsel were ineffective for failing to challenge the constitutionality of the criminal sexual conduct statute at trial or on appeal.

## II. Discussion

A petition for a writ of habeas corpus must set forth facts that give rise to a

---

[2] The Court obtained the citations from petitioner's direct appeal from Westlaw at www.westlaw.com. The Court further verified from the Michigan Court of Appeals' website that the conviction that petitioner challenges in this petition was the same conviction that he challenged in his appeal before that court. Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See United States ex. rel. Dingle v. BioPort Corp.,* 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003). A federal district court is permitted to take judicial notice of another court's website. *See e.g. Graham v. Smith,* 292 F. Supp. 2d 153, 155, n. 2 (D. Me. 2003).

cause of action under federal law or it may summarily be dismissed. *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F. 3d 434, 436 (6th Cir. 1999); *See also Hamby-Bey v. Bergh,* No. 2008 WL 3286227, * 1 (E.D. Mich. August 7, 2008); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. The Sixth Circuit, in fact, long ago indicated that they "disapprove the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." *Allen v. Perini,* 424 F. 3d 134, 140 (6th Cir. 1970). A district court therefore has the duty to screen out any habeas corpus petition which lacks merit on its face. *Id.* at 141. No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *Id.*

After undertaking the review required by Rule 4, this Court concludes that petitioner's habeas claims are meritless, such that the petition must be summarily denied. *See Robinson v. Jackson,* 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005); *See also Mathews v. United States,* 11 F. 3d 583, 585 (6th Cir. 1993)(affirming the

3

summary dismissal of an ineffective assistance of counsel claim raised in a § 2255 motion to vacate sentence pursuant to Rule 4, where there was no merit to the claim).

The Court first notes that at least some of petitioner's claims appear to be unexhausted, in light of petitioner's claim that appellate counsel was ineffective for failing to challenge the constitutionality of Michigan's criminal sexual conduct statute on direct appeal. As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and(c); *Picard v. Connor*, 404 U. S. 270, 275-278 (1971); *Hannah v. Conley*, 49 F. 3d 1193, 1195 (6th Cir. 1995). A habeas petitioner has the burden of proving that he has exhausted his state court remedies. *Sitto v. Bock,* 207 F. Supp. 2d 668, 675 (E.D. Mich. 2002). As a general rule, a federal district court should dismiss a habeas petition that contains unexhausted claims. *See Foster v. Withrow,* 159 F. Supp. 2d 629, 638 (E.D. Mich. 2001).

Assuming that petitioner's claims have not been properly exhausted with the state courts, an unexhausted claim may nonetheless be rejected if it lacks merit. *See Burton v. Bock,* 239 F. Supp. 2d 686, 691 (E.D. Mich. 2002)(citing to 28 U.S.C. § 2254(b)(2); *Cain v. Redman*, 947 F. 2d 817, 820 (6th Cir. 1991)). This Court finds that in the interest of judicial economy, and to avoid any further burden on the state courts if the petitioner were to return there to attempt to

4

exhaust these claims in a post-conviction motion, this Court will address petitioner's claims on the merits.

Petitioner initially claims that the state courts and the Michigan Department of Corrections lack personal and subject matter jurisdiction over him, at least with respect to his criminal sexual conduct conviction, because the criminal sexual conduct statute was passed by the Michigan Senate in violation of Article IV, §§ 8, 24, 25, and 26 of the Michigan Constitution.

Petitioner's primary contention is that Michigan's criminal sexual conduct statute was not enacted by the Michigan legislature in 1974 in compliance with Article IV, Section 26 of the 1963 Michigan Constitution which provides in part: "No bill shall be passed or become law at any regular session of the legislature until it has been printed or reproduced and in the possession of each house for at least five days. Every bill shall be read three times in each house before the final passage thereof."

It is well-established that "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)(*quoting Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). The determination of whether a state court is vested with jurisdiction under state law over a criminal case is a function of the state courts, not the federal courts. *Wills v. Egeler,* 532 F. 2d 1058, 1059 (6th Cir. 1976); *Accord Rhode v. Olk-Long,* 84 F. 3d 284, 287 (8th Cir. 1996). Petitioner's claim that the Michigan courts lacked jurisdiction over his criminal case raises an

issue of state law, because it questions the interpretation of Michigan law, and is therefore not cognizable in federal habeas review. *See United States ex. rel. Holliday v. Sheriff of Du Page County, Ill.,* 152 F. Supp. 1004, 1013 (N.D. Ill. 2001); *Cf. Toler v. McGinnis,* 23 Fed. Appx. 259, 266 (6th Cir. 2001)(district court lacked authority on habeas review to review petitioner's claim that the state court erred in refusing to instruct jury on the requirements for extraterritorial jurisdiction, because the claim was contingent upon an interpretation of an alleged violation of state law).

Petitioner's related allegation that the Michigan Senate violated the Article IV of the Michigan Constitution in enacting the criminal sexual conduct statute is not cognizable on habeas review because it raises an issue of state law. State officials are not required to follow their own procedural statutes and rules as a matter of federal due process. *Sweeton v. Brown*, 27 F. 3d 1162, 1165 (6th Cir. 1994)(en banc); *See also Coleman v. Martin,* 363 F. Supp. 2d 894, 903 (E.D. Mich. 2005). In addition, a habeas petitioner is not entitled to habeas relief based upon an alleged violation of the Michigan Constitution. *See Hudson v. Berghuis,* 174 Fed. Appx. 948, 952, n. 1 (6th Cir. 2006);*See also Doyle v. Scutt,* 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). Petitioner is not entitled to federal habeas relief on his claim that Michigan's criminal sexual conduct statute was improperly enacted in violation of Article IV of Michigan's Constitution, because his claim implicates only an alleged error of state law. *See Samel v. Jabe,* 918 F. 2d 958

6

(Table); No. 1990 WL 179686, * 1 (6th Cir. November 19, 1990); *See also Taylor v. Lecureux*, 54 F.3d 777 (Table); No. 1995 WL 290271, * 3 (6th Cir. May 11, 1995)(claim that Michigan's laws regarding criminal sexual conduct were adopted contrary to the Michigan Constitution not cognizable in federal habeas review as it merely presented an issue of state law);*See also Cable v. Woods,* No. 2010 WL 502722, * 2 (W.D. Mich. February 5, 2010)(rejecting as frivolous petitioner's claim that Michigan's criminal sexual conduct statutes were not enacted in compliance with Article 4 of the Michigan Constitution).

Petitioner further claims, in passing, that the state lacked jurisdiction over his case because the criminal complaint was defective, because it was based solely upon a verbal accusation without facts to support the allegations. [3]

To the extent that petitioner's claim that the felony complaint was jurisdictionally defective is based on state law, it is not cognizable in federal habeas corpus review. *See Hogan v. Ward,* 998 F. Supp. 290, 295 (W.D.N.Y. 1998); *See also Lane v. Booker*, No. 2006 WL 288071, *1 (E.D. Mich. February 6, 2006). In any event, a criminal court in Michigan does not lose jurisdiction over a criminal case merely because the criminal complaint was somehow defective. *See People v. Payne*, No. 2000 WL 33400212, * 3 (Mich.Ct.App. November 28, 2000); *People v. Mayberry*, 52 Mich. App. 450, 451; 217 N.W.2d 420 (1974)(both citing *People v. Burrill*, 391 Mich. 124, 133; 214 N.W. 2d 823 (1974)).

---

[3] *See* Memorandum of Law, p. 36.

In addition, petitioner's claim has been waived because he pleaded guilty to the charges. A properly invoked guilty plea normally forecloses conviction challenges based on antecedent non-jurisdictional errors. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)*; Seeger v. Straub*, 29 F. Supp. 2d 385, 390 (E.D. Mich. 1998). A guilty plea represents a break in the chain of events which has proceeded it in the criminal process; when a criminal defendant has solemnly admitted in open court that he or she is in fact guilty of the offense which he or she is charged, the defendant may not thereafter raise independent claims relating to the deprivation of constitutional rights which occurred prior to the entry of the guilty plea. *Tollett*, 411 U.S. at 267.

Under Michigan law, a plea to the information waives any challenge to irregularities in the complaint. *See U.S. ex rel. Penachio v. Kropp*, 448 F.2d 110, 111 (6th Cir. 1971); *Rogers v. Kropp, Warden*, 387 F. 2d 374, 375 (6th Cir. 1968). Because petitioner pleaded guilty to the charge without ever challenging the deficiencies with the criminal complaint, petitioner is precluded from obtaining habeas relief on the issue.

Lastly, to the extent that petitioner is contending that his trial and appellate counsel were ineffective for failing to challenge the constitutionality of the criminal sexual conduct statute, he is not entitled to habeas relief.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court set forth a two-pronged test for determining whether a habeas

8

petitioner has received the ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. *Id.* at 687. Second, the petitioner must establish that the deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id.* A habeas petitioner is entitled to habeas relief on an ineffective assistance of counsel claim only if the state court's resolution of the ineffective assistance of counsel claim involved an unreasonable application of *Strickland. See Byrd v. Trombley,* 580 F. Supp. 2d 542, 561 (E.D. Mich. 2008).

Petitioner's claim that Michigan criminal sexual conduct statutes were not lawfully enacted by the Michigan legislature in 1974 in compliance with Article IV, Section 26 of the Michigan Constitution has been rejected several times by the Michigan Court of Appeals. *See People v. Taylor,* 185 Mich. App. 1, 10; 460 N.W. 2d 582 (1990); *People v. Krauss*, 156 Mich. App. 514, 516; 402 N.W. 2d 49 (1986); *People v. Clopton*, 117 Mich. App. 673, 676-77; 324 N.W. 2d 128 (1982); *See also Cable v. Woods,* No. 2010 WL 502722, at * 2 (the argument raised by petitioner that the Michigan criminal sexual conduct statutes were not lawfully enacted in compliance with Article 4, Section 26 of the Michigan Constitution "has been soundly rejected by the Michigan Court of Appeals").

Trial and appellate counsel's failure to challenge the validly enacted

criminal sexual conduct statute did not constitute ineffective assistance, because the argument that the statute had never been enacted into law by the Michigan Legislature would have been "an utterly bootless argument." *See U.S. v. Brunshtein,* 545 F. Supp. 2d 357, 360 (S.D.N.Y. 2008).

### III. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of

the denial of a federal constitutional right. *See Millender v. Adams,* 187 F. Supp. 2d 852, 880 (E.D. Mich. 2002). Indeed, it would be a "rare case" in which a district judge issues a habeas petitioner a certificate of appealability to appeal after he or she dismisses a habeas petition without requiring an answer because it plainly appeared from the face of the petition and any exhibits annexed to it that the petitioner was not entitled to habeas relief. *See e.g. Alexander v. Harris,* 595 F. 2d 87, 91 (2nd Cir. 1979); *See also Myers v. Ludwick*, No. 2009 WL 4581693, * 4 (E.D. Mich. December 3, 2009). The Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *See Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## IV. ORDER

Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of Habeas Corpus is **SUMMARILY DISMISSED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a Certificate of Appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

    s/Marianne O. Battani
**HONORABLE MARIANNE O. BATTANI**
**Dated: April 14, 2010**    **UNITED STATES DISTRICT JUDGE**

## CERTIFICATE OF SERVICE

**I hereby certify that on the above date a copy of this Opinion and Order was served upon the petitioner via ordinary U.S. Mail**.

s/Bernadette M. Thebolt
Case Manager